1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSE ARTEAGA,                             No.  2:25-cv-1303 CSK P

12                    Plaintiff,                ORDER

13           v.

14    R. DECKER, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis is granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

28   payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

                                                     1

1  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3          As discussed below, plaintiff's complaint is dismissed with leave to amend.

4  I.      SCREENING STANDARDS

5          The court is required to screen complaints brought by prisoners seeking relief against a

6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

8  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

17  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

18  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

19  1227.

20          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

21  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

25  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

26  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

27  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

28  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

2

1  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

3  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

4  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

6  II.       PLAINTIFF'S COMPLAINT

7         As defendants, plaintiff identified R. Decker, Correctional Officer at Mule Creek State

8  Prison ("MCSP").  (ECF No. 1 at 3.)  Plaintiff also names John Does 1 and 2, identified as

9  Correctional Officers who worked second watch at MCSP.  (Id. at 4.)  Plaintiff names John Does

10  3 and 4, medical staff practitioner and first aid nurse, respectively, at MCSP.  (Id.)

11         Plaintiff alleges that defendant R. Decker wrongfully denied plaintiff his shoes, and when

12  plaintiff asked to speak to the sergeant to explain why plaintiff was entitled to get his shoes, R.

13  Decker denied plaintiff's request, and as plaintiff turned to walk away, R. Decker punched

14  plaintiff in the face and head multiple times.  (ECF No. 1 at 10-11.)  Other officers rushed in and

15  joined in punching and kicking plaintiff several times.  (Id. at 11.)  The officers then put plaintiff

16  in a spit mask, which impeded his ability to breathe and see, and took plaintiff to the program

17  office where the officers beat plaintiff some more.  (Id. at 12.)  Some time after the officers left

18  plaintiff handcuffed behind his back, another officer came and put plaintiff into the cage and told

19  plaintiff he was going to administrative segregation for alleged battery on a peace officer.  (Id. at

20  13.)  R. Decker wrote the RVR asserting those charges.  (Id.)  Plaintiff alleges that R. Decker was

21  deliberately not following the guidelines, and contends it was done in retaliation for plaintiff's

22  recently filed grievance for "defendant's" refusal to allow plaintiff to participate in the prison

23  Yoga group as "he" mentioned that plaintiff liked to file lawsuits and grievances.  (Id. (citing Log

24  No. 341695 MCSP) dated 12-17-2022).)  Plaintiff provided multiple inmate affidavits in support.

25  (Id. at 23-28.)

26         As a result of this incident, plaintiff sustained a swollen and bruised face, head

27  concussions, black eyes, abrasions.  (Id. at 17-18.)  As relief, plaintiff seeks money damages.  (Id.

28  at 22.)

3

1    III.    DISCUSSION

2          Plaintiff's 22 page complaint is not short and plain.  Fed. R. Civ. P. 8(a).  Plaintiff

3    includes repetitive facts, lengthy explanations, comments about witnesses, justifications for his

4    actions, comments about the Court reviewing the complaint, discusses the eye witness

5    declarations he provides as exhibits, mentions other witnesses can be called at an evidentiary

6    hearing, deposition, summary judgment, or jury trial, and lists his exhibits.  (ECF No. 1, passim.)

7    The inclusion of such extraneous information in the complaint unduly lengthens and confuses the

8    pleading, making it difficult to ascertain the allegations and the specific claims plaintiff intends to

9    pursue.  As a result, the complaint is not short and plain, in violation of Rule 8(a)(2).  Therefore,

10    the complaint must be dismissed.  See, e.g., Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,

11    637 F.3d 1047, 1059 (9th Cir. 2011) (complaints are subject to dismissal if they are "needlessly

12    long," "highly repetitious, confusing, or consist of incomprehensible rambling").  The failure to

13    comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is

14    without merit.  See McHenry v. Renne, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming

15    dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely

16    irrelevant").  Even claims which are not on their face subject to dismissal under Rule 12(b)(6)

17    may still be dismissed for violating Rule 8(a).  See id.  Plaintiff's pro se status does not relieve

18    him of conformity to the pleading rules.  See, e.g., Romano v. U.S. Army Core of Eng'rs, 2017

19    WL 6448221, at *1 (N.D. Cal. Dec. 18, 2017).

20          Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

21    notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency,

22    733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity

23    overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has

24    failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be

25    dismissed.  The Court will, however, grant leave to file a second amended complaint.

26    IV.    GUIDANCE REGARDING AMENDMENT

27          The Court provides plaintiff the following substantive standards relevant to claims

28    mentioned in his complaint, and plaintiff is advised whether or not he can state a potentially

1  cognizable civil rights claim as to plaintiff's allegations.

2      A.  Excessive Force

3      The following legal standards apply to an excessive force claim.  "In its prohibition of

4  'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who

5  may not . . . use excessive physical force against prisoners."  Farmer v. Brennan, 511 U.S. 825,

6  832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)).  "[W]henever prison officials stand

7  accused of using excessive physical force in violation of the [Eighth Amendment], the core

8  judicial inquiry is . . .whether force was applied in a good-faith effort to maintain or restore

9  discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 6-7 (citing

10  Whitley v. Albers, 475 U.S. 312 (1986)).  When determining whether the force was excessive, we

11  look to the "extent of the injury. . . , the need for application of force, the relationship between

12  that need and the amount of force used, the threat 'reasonably perceived by the responsible

13  officials,' and 'any efforts made to temper the severity of a forceful response.'"  Hudson, 503

14  U.S. at 7 (citing Whitley, 475 U.S. at 321).  While de minimis uses of physical force generally do

15  not implicate the Eighth Amendment, significant injury need not be evident in the context of an

16  excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to

17  cause harm, contemporary standards of decency always are violated."  Hudson, 503 U.S. at 9

18  (citing Whitley, 475 U.S. at 327).

19      It appears plaintiff may be able to state a viable excessive force claim against defendant R.

20  Decker.  That said, in his amended complaint plaintiff should focus his factual allegations on

21  what R. Decker did, addressing each element of Hudson, 503 U.S. at 7, as set forth above.

22  Similarly, if plaintiff contends that John Does 1 and 2 used excessive force, plaintiff must include

23  facts showing the claim meets the elements of Hudson as well.

24      B.  Property

25      Plaintiff cannot state a civil rights claim based on the deprivation of his shoes.

26      The United States Supreme Court has held that "an unauthorized intentional deprivation

27  of property by a state employee does not constitute a violation of the procedural requirements of

28  the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for

1  the loss is available." <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984).  Thus, where the state

2  provides a meaningful postdeprivation remedy, only authorized, intentional deprivations

3  constitute actionable violations of the Due Process Clause.  An authorized deprivation is one

4  carried out pursuant to established state procedures, regulations, or statutes.  <u>Piatt v. McDougall</u>,

5  773 F.2d 1032, 1036 (9th Cir. 1985); <u>see also</u> <u>Knudson v. City of Ellensburg</u>, 832 F.2d 1142,

6  1149 (9th Cir. 1987).

7         In the instant case, plaintiff has not alleged any facts which suggest that the deprivation

8  was authorized.  The California Legislature has provided a remedy for tort claims against public

9  officials in the California Government Code, §§ 900, <u>et seq.</u>  Because plaintiff has not attempted

10  to seek redress in the state system, he cannot sue in federal court on the claim that the state

11  deprived him of property without due process of the law.  Plaintiff's property claim is legally

12  frivolous and should not be included in any amended complaint.  <u>See</u> 28 U.S.C. § 1915(e)(2).

13         C.  <u>First Amendment</u>

14         Plaintiff fails to include sufficient information to state a First Amendment claim.

15         "Prisoners have a First Amendment right to file grievances against prison officials and to

16  be free from retaliation for doing so."  <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012)

17  (citing <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the

18  prison context has five elements:  "(1) An assertion that a state actor took some adverse action

19  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action

20  (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

21  reasonably advance a legitimate correctional goal."  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68

22  (9th Cir. 2005).

23         Plaintiff must demonstrate how plaintiff's protected conduct motivated the actions of

24  defendant R. Decker.  If plaintiff can identify his protected conduct, plaintiff must allege facts

25  showing a nexus between his protected conduct and the alleged retaliatory act.  <u>See</u> <u>Brodheim</u>,

26  584 F.3d at 1271 (a plaintiff must show that his protected conduct was the substantial or

27  motivating factor behind the defendant's conduct).  Plaintiff's speculation and conclusion that a

28  defendant's conduct was motivated by a desire to retaliate does not suffice to state a claim.  <u>See</u>

1   Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) (noting that plaintiff's "sheer speculation" that

2   defendants had knowledge of his protected conduct was insufficient to show retaliatory intent);

3   Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990) ("Mere allegations of constitutional

4   retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because

5   of the exercise of the prisoner's constitutional rights.").  While timing may be considered

6   circumstantial evidence of retaliatory intent, "timing alone is insufficient" to support an inference

7   that prison officials took an adverse action against a prisoner in retaliation because of a prisoner's

8   participation in protected conduct.  See Pratt, 65 F.3d at 808; Huskey v. City of San Jose, 204

9   F.3d 893, 899 (9th Cir. 2000) (stating retaliation claim cannot rest on the logical fallacy of post

10  hoc, ergo propter hoc, i.e., "after this, therefore because of this").

11          D.  Failure to Protect

12          Although plaintiff marked the box "threat to safety" and wrote "failure to protect,"

13  plaintiff included no specific allegations as to defendant R. Decker, or any of the John Doe

14  defendants, claiming that any defendant failed to protect plaintiff.  Plaintiff is provided the

15  following standards governing the claim.

16          A failure to protect claim under the Eighth Amendment requires a showing that "the

17  official [knew] of and disregard[ed] an excessive risk to inmate . . . safety."  Farmer, 511 U.S. at

18  837.  "Whether a prison official had the requisite knowledge of a substantial risk is a question of

19  fact subject to demonstration in the usual ways, including inference from circumstantial evidence,

20  . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very

21  fact that the risk was obvious."  Id. at 842 (citations omitted).  The duty to protect a prisoner from

22  serious harm requires that prison officials take reasonable measures to guarantee the safety and

23  well-being of the prisoner.  Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

24  Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment,"

25  plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of

26  mind."  Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotations marks, emphasis, and

27  citations omitted).

28  ///

7

1

E. <u>Medical Care</u>

2

Similarly, although plaintiff marked the "medical" box, and named two medical staff as

3 Doe defendants, plaintiff includes no facts explaining how an individual was deliberately

4 indifferent to plaintiff's serious medical needs.  Following are the standards governing medical

5 care claims.

6

To state an Eighth Amendment claim that a prison official is deliberately indifferent to an

7 inmate's serious medical needs in violation of the Eighth Amendment, the plaintiff must show

8 that the prison official knew that a prisoner faced a substantial risk of serious harm and

9 disregarded that risk by failing to take reasonable steps to abate it.  <u>Farmer</u>, 511 U.S. at 837; <u>Jett</u>

10 <u>v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006).  The two-part test for deliberate indifference

11 requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a

12 prisoner's condition could result in further significant injury or the 'unnecessary and wanton

13 infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."

14 <u>Id.</u>  Under the relevant Eighth Amendment standard, "prison officials who actually knew of a

15 substantial risk to inmate health or safety may be found free from liability if they responded

16 reasonably to the risk, even if the harm ultimately was not averted."  <u>Farmer</u>, 511 U.S. at 844 ("A

17 prison official's duty under the Eighth Amendment is to ensure reasonable safety") (internal

18 quotation marks and citation omitted).  To be deliberately indifferent in violation of the Eighth

19 Amendment, a prison official must have a subjective "state of mind more blameworthy than

20 negligence," akin to criminal recklessness.  <u>Id.</u> at 835, 839-40.

21

Negligence allegations are insufficient.  Deliberate indifference "requires more than

22 ordinary lack of due care."  <u>Colwell v. Bannister</u>, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting

23 <u>Farmer</u>, 511 U.S. at 835).  The indifference to the prisoner's medical needs must be substantial --

24 negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of

25 a constitutional violation.  <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence

26 constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

27 ///

28 ///

8

1

     F. <u>Doe Defendants</u>

2         Plaintiff names four defendants as John Does.  First, plaintiff does not identify each John

3   Doe defendant's alleged act or omission which plaintiff contends violated his constitutional

4   rights.  This is insufficient to put prospective defendants on notice of their alleged actions or

5   omissions that plaintiff claims violate his federal rights.  In order to link these doe defendants to

6   the alleged acts or omissions that demonstrate a violation of plaintiff's federal rights, plaintiff is

7   granted leave to amend.  If plaintiff can only list these defendants as John Doe, plaintiff must

8   allege the specific acts that each doe defendants did, such as "John Doe 1 did X" and "John Doe 2

9   and 3 did Y."  Plaintiff is reminded that "[a] plaintiff must allege facts, not simply conclusions,

10  that show that an individual was personally involved in the deprivation of his civil rights."

11  <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).

12        Second, plaintiff's use of Doe defendants is problematic, <u>see</u> <u>Gillespie v. Civiletti</u>, 629

13  F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary.  Rule 15 of the Federal Rules of Civil

14  Procedure, not state law "Doe" pleading practices, governs whether new defendants may be

15  added and if so, whether the claims against them would relate back to the filing of the initial

16  complaint.  Should plaintiff learn the identities of the "Doe" parties he wishes to serve, he must

17  promptly move pursuant to Rule 15 to file an amended complaint to add them as defendants.  <u>See</u>

18  <u>Brass v. County of Los Angeles</u>, 328 F.3d 1192, 1197-98 (9th Cir. 2003).  If the timing of his

19  amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the

20  requirements of Rule 15(c), which is the controlling procedure for adding defendants whose

21  identities were discovered after commencement of the action.  Additionally, unknown persons

22  cannot be served with process until they are identified by their real names.  The court will not

23  investigate the names and identities of unnamed defendants.[1]

24  ///

25  _____

26  [1] Where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should
    be given an opportunity through discovery to identify the unknown defendants, unless it is clear

27  that discovery would not uncover the identities or that the complaint would be dismissed on other
    grounds.  <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing <u>Gillespie</u>, 629

28  F.2d at 642).

1

### G. Misjoinder

Finally, plaintiff is cautioned that his excessive force claims and his claims concerning medical care should not be brought in the same action unless the same defendants were involved in both incidents.  Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.  Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits").  If unrelated claims are improperly joined, the court may dismiss them without prejudice.  Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).  Here, it does not appear that defendants John Does 3 and 4 were involved in the alleged excessive force incident and therefore are not properly joined in the same action raising excessive force claims.

### H. Exhibits

With respect to exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  Plaintiff is advised that it is not the duty of the court to look through all of his exhibits to determine whether or not he has claims cognizable under § 1983.  Rather, the court looks to the factual allegations contained in the complaint to determine whether or not plaintiff has stated a cognizable claim for relief under § 1983.  In fact, the court strongly recommends that exhibits should not be submitted where (1) they serve only to confuse the record and burden the court, or (2) they are intended as future evidence.  If this action reaches the stage where the submission of evidence is appropriate and

necessary (e.g., summary judgment or trial), plaintiff will have the opportunity at that time to submit his evidence.

V.    LEAVE TO AMEND

As noted above, plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.    CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

1  herewith.

2          3.  Plaintiff's complaint is dismissed.

3          4.  Within thirty days from the date of this order, plaintiff shall complete the attached

4  Notice of Amendment and submit the following documents to the court:

5                  a.  The completed Notice of Amendment; and

6                  b.  An original of the Amended Complaint.

7  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

8  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

9  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

10 Failure to file an amended complaint in accordance with this order may result in the dismissal of

11 this action.

12

13 Dated:  September 19, 2025

14                                      _____
                                        CHI SOO KIM
15                                      UNITED STATES MAGISTRATE JUDGE

16

17 /1/arte1303.14n

18

19

20

21

22

23

24

25

26

27

28

                                        12

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE O. ARTEAGA,                              No.  2:25-cv-1301 CSK P

12                   Plaintiff,

13          v.                                     NOTICE OF AMENDMENT

14   R. DECKER, et al.,

15                   Defendants.

16

17        Plaintiff submits the following document in compliance with the court's order

18   filed on _____ (date).

19

20                              ☐        Amended Complaint

21                                       (Check this box if submitting an Amended Complaint)

22   DATED:

23                                       _____
                                         Plaintiff
24

25

26

27

28